# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TULLIO L. DELIBERALI** | E.D. Pa. No.2:18-CV-02682-ER |
| **Plaintiffs,** | (Judge Eduardo C. Robreno) |
| v. | Jury Trial Demanded |
| **A.W. CHESTERTON, INC., ET AL.** | |
| **Defendants.** | |

## DEFENDANT CRANE CO.'S NOTICE OF JOINDER IN REMOVAL AND NOTICE OF INDEPENDENT GROUNDS FOR REMOVAL

Defendant Crane Co. hereby joins in the removal of this action from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania, under 28 U.S.C. §§ 1442(a)(1) and 1446 based on federal-officer jurisdiction. Crane Co. provides the following short and plain statement of its independent grounds for removal:

1. On May 23, 2018, Plaintiff filed his Complaint in the Philadelphia County Court of Common Pleas. A true copy of the complaint is attached as Exhibit "A." On May 29, 2018, Plaintiff served his Complaint on Crane Co. In the Complaint, Plaintiff alleges that he "was exposed to asbestos" during his employment as a mechanical engineer and sheet metal mechanic at the Philadelphia Naval Shipyard from 1954 to 1986. *See* Ex. A., Paragraphs 6 and 7.

2. The allegation that Mr. Deliberali was exposed to asbestos products, including Crane Co. products, while employed at the Philadelphia Naval Shipyard gives rise to Crane Co.'s federal defense— often referred to as the government-contractor defense. In short, any

product that Plaintiffs allege Crane Co. manufactured for or supplied to the Philadelphia Naval Shipyard (and any product literature, labeling, or warnings that accompanied that product) would be subject to Navy specifications and requirements. Federal officers exercised their discretion regarding whether (1) asbestos was used in the product and (2) whether a warning would accompany the product (and if so, what it would say). Without approval from a federal officer, Crane Co.'s products could not have been used by the Navy.

3. On June 26, 2018, co-defendant Owens-Illinois, Inc. filed its Notice of Removal from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania on the basis 28 U.S.C. §§ 1442(a)(1) and 1446.

4. This joinder in the notice of removal is timely under 28 U.S.C § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C) because Crane Co. is filing it within 30 days of being notified that the case is removable due to federal-officer jurisdiction.

5. The United States Court of Appeals for the Second, Fifth, and Ninth Circuits have all recently held that Crane Co. establishes a colorable federal defense and meets all of the requirements of federal-officer removal on the basis of evidence identical to that submitted here. *Cuomo v. Crane Co.*, 771 F.3d 113 (2d Cir. 2014); *Zeringue v. Crane Co.*, 846 F.3d 785 (5th Cir. 2017); *Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014).

6. The right of equipment manufacturers to remove asbestos personal-injury actions involving allegations of exposure on U.S. Navy ships has also been upheld in cases involving other similarly situated defendants by the Third, Fourth, and Seventh Circuits. *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805 (3d Cir. 2016); *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249 (4th Cir. 2017); *Ruppel v. CBS Corp.*, 701 F.3d 1176 (7th Cir. 2012).

7. Removal is proper under 28 U.S.C. § 1442(a)(1), where the removing defendant establishes that: (1) the defendant is a person under the statute; (2) the defendant was acting

under the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal nexus between the plaintiff's claims and the defendant's actions under federal direction; and (4) the defendant has raised a colorable defense based upon federal law. *See Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989); *Cuomo*, 771 F.3d at 115.

8. On the first element, Crane Co., as a corporation, qualifies as a "person" under the statute. *See Winters v. Diamond Shamrock Co.*, 149 F.3d 387, 398 (5th Cir. 1998).

9. With respect to the second element for federal-officer removal, Crane Co. was acting under the direction of the Navy in the design, manufacture, and sale of its products for and to the Navy. Crane Co. products were designed and manufactured in accordance with precise contracts and specifications approved by the Navy. *See* Affidavit of Anthony D. Pantaleoni ("Pantaleoni Aff."), at ¶¶ 5-6, attached as Exhibit "B"; Affidavit of David P. Sargent ("Sargent Aff."), at ¶¶ 22-32, attached as Exhibit "C." Since the 1950s, the Navy issued Military Specifications (MILSPECs) for various products, including the types of products allegedly manufactured or supplied by Crane Co., and certain MILSPECs required the use of asbestos or asbestos components. *See* Sargent Aff., at ¶¶ 26-27, 32. Compliance with the specifications for equipment to be used on Navy ships was directly monitored by Naval Machinery Inspectors. Sargent Aff. at ¶ 29. And unless Crane Co. products were first determined to be in conformity with all applicable Navy specifications, they could not be installed aboard Navy ships. Sargent Aff. at ¶ 29. Thus, given the Navy's direct and detailed control over the design and manufacture of Crane Co. products, Crane Co. has met this element.

10. In light of the specific direction and strict control of the Navy over the design and manufacture of Crane Co. products detailed above, there exists a strong causal nexus between Plaintiffs' claims and Crane Co.'s actions, thereby meeting the third element.

Plaintiffs' claims against Crane Co. depend solely on the actions taken by Crane Co. in accordance and compliance with directions from the Navy.

11. With respect to the fourth element, Crane Co.'s government-contractor defense is a colorable federal defense to plaintiffs' claims. As set forth in the product-liability, design-defect context by the Supreme Court of the United States in *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988), the government-contractor defense applies when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *See also Leite*, 749 F.3d at 1123.[1]

12. As the Second, Fifth, and Ninth Circuits have all recognized, Crane Co. has a colorable federal defense because, as detailed above, the Navy provided Crane Co. with precise specifications regarding its products and Crane Co. delivered products that conformed to those specifications. Sargent Aff. at ¶¶ 23–32; Pantaleoni Aff. at ¶¶ 5–6. The Navy, as one of the leaders in industrial hygiene state of the art, possessed knowledge regarding the hazards of asbestos equal to or superior to its equipment suppliers, such as Crane Co. *See* Affidavit of Samuel A. Forman ("Forman Aff."), at ¶¶ 21–23, attached as Exhibit "D." The Navy's specifications governed not only the design and construction of Crane Co.'s products, but also the form and content of any labeling, product literature, or warnings supplied with the products. Sargent Aff. at ¶¶ 23–32. The Navy reviewed the proposed product literature and labeling that accompanied equipment and, at its discretion, edited the wording of instructional material and

---

[1] To establish the defense in a failure-to-warn context, the elements are slightly modified to include a showing that (1) the Navy exercised its discretion and approved certain warnings; (2) the defendant provided the warnings required by the Navy; and (3) the defendant warned the Navy about any hazards that were known by it but not by the Navy. *Id.*

warnings, approving certain warning language and disapproving other language. *See* Sargent Aff. at ¶ 59 & Exhibit K, Doc. 2-8. Thus, Crane Co. has a colorable government-contractor defense.

13. The procedural requirements of Section 1446(a) and Section 1446(d) were, upon information and belief, satisfied by Defendant, Owens-Illinois, Inc., upon its initial removal of this action.

Dated:  June 28, 2018                           Respectfully submitted,

                                                          **SWARTZ CAMPBELL LLC**

G. Daniel Bruch, Jr., Esquire
Identification No. 23193
Two Liberty Place - 28th Floor
50 South 16th Street
Philadelphia, PA  19102
(215) 564-5190

Attorney for Defendant Crane Co.

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2018, a copy of the foregoing **Notice of Joinder in Removal and Independent Grounds for Removal** has been served via ECF upon all counsel of record in the Court's electronic filing system.

_____
G. Daniel Bruch, Jr., Esquire